**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-229-RJC-DCK**

| | |
|---|---|
| **STEVEN MICHAEL BROWN and SUSAN BROWN,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **CELADON TRUCKING SERVICES, INC.,** ) <br> ) <br> **Defendant.** ) <br> ) | **CONSENT PROTECTIVE ORDER** |

Plaintiffs and Defendant (the "Parties") agree that the above action may involve the production or disclosure of personal, confidential, sensitive or proprietary business information, or trade secrets (collectively referred to as "Confidential Information"), and hereby stipulate, subject to approval by the Court, to the following as a Protective Order which shall govern the production or disclosure of Confidential Information to ensure continued confidentiality during the case.

This Protective Order governs the production or disclosure of all Confidential Information produced by the parties during the course of discovery, hearings, or trial in this action. Additionally, any portion of a deposition transcript, pleading, or other document into which Confidential Information is placed or quoted shall also be considered Confidential Information.

## DESIGNATION

In connection with this action, any non-public document, material, or information may be designated as "CONFIDENTIAL". The producing party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure.

The term "CONFIDENTIAL" applies to information, testimony, documents, and data which is determined by the producing party, acting in good faith, to be non-public and to be proprietary, financial, business confidential information, or protected personal medical information. The term "document" means all written, recorded, graphic, computer maintained, electronic, or digital data or material, regardless of its means of transmittal.

## NOTICE AND MARKINGS

Any documents, material or information may be designated "CONFIDENTIAL" by furnishing a separate written notice to the receiving party specifically identifying the items or their designation, or by stamping the legend "CONFIDENTIAL" on each page of the documents, material, or information prior to production.

Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within 15 days of the receipt of the transcript. Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this Order. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent or are associated with unless the deponent first executes a written "Acknowledgement" in the form attached. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about Confidential Information.

## INADVERTENT FAILURE TO DESIGNATE

Failure to designate or stamp as "CONFIDENTIAL" at the time of production shall not be a waiver of the protection for Confidential Information, provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving

such notice.

## OBJECTION TO DESIGNATION

If a party receiving designated Confidential Information objects to the designation, it shall treat the information as it is designated until the parties resolve the dispute by agreement or by order of the Court.

## USE OF CONFIDENTIAL INFORMATION

All Confidential Information as defined herein shall be used solely for the purpose of this action.

Confidential Information which has been designated "CONFIDENTIAL" shall be disclosed only to:

(1)  The counsel for any party in this action and the counsel's employees or contractors (such as photocopy services) who are assisting them in this action, and to any party's employees, to the extent strictly necessary to prepare this case for this litigation;

(2)  Consultants and expert witnesses who have been retained by the party or its attorneys for this action, provided that each such person first executes a written "Acknowledgement" in the form attached;

(3)  Directors, officers, or employees of the parties and their parent companies who require the information to assist in the prosecution or defense of this action, including in-house counsel of any party hereto;

(4)  The Court and persons associated with or employed by the Court whose duties require access to the information;

(5)  Persons having personal knowledge of any such record by virtue of their having prepared, received and/or reviewed that record prior to this litigation;

(6)  Any witness, but only to the extent that such witness' testimony involves the

matters governed or otherwise affected by information or documents designated as Confidential material, provided that each such witness first executes a written "Acknowledgement" in the form attached;

(7) The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

(8) Jurors and prospective jurors.

Nothing herein shall restrict the persons identified above from making working copies for use in the case, which working copy shall be automatically designated as "CONFIDENTIAL".

As to those persons who sign the Acknowledgement form, the party providing the Confidential Information to such persons is responsible for obtaining the signed Acknowledgement and shall have the obligation to maintain the Acknowledgement record.

If Confidential Information designated as "CONFIDENTIAL" is sought to be used or introduced at or for a hearing, motion, or trial of this action, counsel for the party seeking to use or introduce such Confidential Information shall so advise the Court (such as pursuant to Local Rule 6.1 for Sealed Filings and Public Access) and request that the Court take such steps as it deems appropriate to protect the confidentiality of the information.

All Confidential Information designated as "CONFIDENTIAL", any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed above, unless ordered by the Court or done with the prior written consent of producing party's counsel, or as required by law.

The parties to this Order expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that production not be had.

If Confidential Information designated as "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Order, the party or counsel responsible for the improper disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other Parties and their counsel, and without prejudice to the rights and remedies of the other parties and their respective counsel, shall make every reasonable effort to prevent further disclosure by them or by the person who was the recipient of such information.

### **INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

If a producing party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned. It is further agreed that the receiving party will promptly return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

### **OBLIGATIONS OF PARTIES**

Each of the parties named above and their counsel of record undertakes to abide by and be bound by the provisions of this Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any Confidential Information, provided that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as otherwise permitted by this Order.

## TERMINATION OF LITIGATION

Within thirty (30) days of the final conclusion or final settlement of this litigation and any appeal thereof, all parties subject to the terms hereof shall either (a) assemble and return to the designating party all Confidential Information upon the request and at the option of the party making the confidentiality designation or (b) destroy all Confidential Information, or the producing party may waive the requirements of this sentence. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, the non-parties who have signed and filed the Acknowledgement, their respective attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof. If the parties need court intervention about the requirements of this paragraph, the ultimate disposition of the Confidential Information shall be subject to a final order of the Court on the completion of the litigation.

## ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**AGREED AND STIPULATED TO:**

Respectfully submitted, this the 19th day of September, 2016.

FRIED ROGERS GOLDBERG LLC

*/s/ Michael L. Goldberg*
MICHAEL L. GOLDBERG
*(admitted pro hac vice)*
ERIC J.D. ROGERS
*(admitted pro hac vice)* 3560 Lenox Road, N.E. Suite 1250
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: michael@frg-law.com Email: eric@frg-law.com
*Attorneys for Plaintiffs Steve Brown and Susan Brown*


NEXSEN PRUET, PLLC

*/s/ James W. Bryan*
JAMES W. BRYAN
N.C. State Bar No. 16575
P.O. Box 3463
Greensboro, NC 27402
Telephone: 336-373-1600 Facsimile: 336-387-8907
Email: jbryan@nexsenpruet.com
*Attorneys for Defendant Celadon Trucking Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-cv-00229-RJC-DCK

**STEVEN BROWN and SUSAN BROWN,**

    **Plaintiffs,**

  **v.**

**CELADON TRUCKING SERVICES, INC.,**

    **Defendant.**

## ACKNOWLEDGEMENT

_____, being duly sworn, deposes and says:

    1.    _____(Statement of Employment)

    2.    I have read the Consent Protective Order filed_____,_____, as entered into by the parties in connection with Civil Action No. 3:16-cv-00229, Western District of North Carolina. I fully understand and agree to the restrictions on my use of the documents, records, and other materials described in that Consent Protective Order and the information contained herein. I agree to be bound by that Consent Protective Order.

    3.    I understand that unauthorized disclosure of confidential information constitutes contempt of court and may subject me to sanctions and damages.

    4.    I declare under penalty of perjury under the laws of the United States of America; that the foregoing is true and correct.

Executed on:_____

| | |
|---|---|
| _____ | _____ |
| (Name - Print) | (Name – Corporate Non-Party) |
| | BY: _____ |
| _____ | |
| (Signature) | (Title) |

## ORDER OF APPROVAL

**IT IS ORDERED** that the foregoing terms of the Consent Protective Order agreed to by the parties, including the Acknowledgement form are approved, shall be made of record, and shall govern the disclosure and use of confidential information in this action.

Signed: September 20, 2016

David C. Keesler
United States Magistrate Judge